**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 13, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

  v.

DAMON L. HUNTER,

      Defendant - Appellant.

No. 13-3022
(D.C. Nos. 5:12-CV-04053-JAR and
5:09-CR-40084-JAR-1)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

Claiming ineffective assistance of counsel in handling a motion to suppress, Defendant Damon Hunter filed a pro se motion for relief under 28 U.S.C. § 2255 in the United States District Court for the District of Kansas. The district court denied the motion. Defendant now seeks a certificate of appealability (COA) from this court so that he may appeal the district court's decision. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal denial of § 2255 relief). We deny a COA and dismiss the appeal.

## I.    BACKGROUND

On August 28, 2009, Defendant was riding as a passenger in a rental car driven by Alice Isaacson. Defendant had rented the car with his credit card and

was the only driver named on the rental contract. Kansas Highway Patrol Trooper Chris Nicholas stopped the car for following another vehicle too closely. He requested identification documents from Isaacson and Defendant and the rental paperwork, which indicated that the rental contract had expired. Nicholas returned to his patrol car and initiated a criminal background check on the two. Next, he separately questioned Isaacson and Defendant in his patrol car. They told Nicholas that they were driving back to Minnesota from a wedding near Colorado Springs. Defendant admitted that the rental contract had expired but explained that he lacked sufficient funds at the time of the rental to pay for the full time he needed the car and that he was on his way to return it. Nicholas allowed each to return to the rental car after questioning.

Nicholas decided to return the identification and rental papers to Defendant and Isaacson and terminate the traffic stop. He walked back to the rental car, gave Defendant and Isaacson the items, and reminded them of the dangers of following other vehicles too closely. He then said "thank you" and began to walk away, but immediately returned and sought to question them further. *United States v. Hunter*, 663 F.3d 1136, 1140 (10th Cir. 2011). After inquiring about prior offenses uncovered by the background check, he asked if he could search the car. Nicholas instructed Isaacson, who had returned to the driver's seat, to hand him the keys if she consented. Isaacson gave the keys to Nicholas through the passenger window, which required her to reach across Defendant. Defendant

-2-

said nothing. Inside the car Nicholas discovered 35 pounds of marijuana, one kilogram of cocaine, and a firearm.

A federal grand jury indicted Defendant on four counts: (1) possessing with intent to distribute 500 grams or more of cocaine, *see* 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), 812; (2) possessing with intent to distribute a detectable amount of marijuana, *see id.* §§ 841(a)(1) and (b)(1)(D), 812; (3) being a felon in possession of a firearm, *see* 18 U.S.C. §§ 922(g)(1), 924(a)(2); and (4) carrying a firearm during and in relation to a drug-trafficking crime, *see id.* § 924(c)(1)(A)(i). Defendant unsuccessfully moved to suppress the evidence obtained in the search. He then pleaded guilty to the charge of possessing a firearm during and in relation to a drug-trafficking crime, reserving the right to appeal denial of the suppression motion.

On Defendant's appeal of the denial, he argued that Isaacson lacked authority to consent to the search because she was not listed on the rental contract. We rejected the argument, explaining that the absence of her name from the contract did not deprive her of actual authority to consent and, in any event, she had apparent authority to consent. *See Hunter*, 663 F.3d at 1144. We likewise rejected Defendant's other challenges and affirmed. *See id.* at 1145.

In May 2012 Defendant filed his § 2255 motion, raising two grounds for relief. His first ground was that his trial counsel had rendered constitutionally ineffective assistance by failing to investigate Kansas law regarding the

-3-

unauthorized use of a vehicle. Such investigation, he contended, would have revealed that Isaacson was not authorized to drive the rental car because she was not listed on the contract, and that Nicholas had acted illegally by allowing her to return to the driver's seat. He insisted that because Nicholas illegally placed Isaacson in control of the car, Nicholas could not have validly relied on her apparent authority to consent to the search. And he asserted prejudice from his counsel's failure to make such an argument in the district court. His second ground was that his appellate counsel (the same lawyer) had rendered ineffective assistance by failing to make the same argument on direct appeal.

The district court denied relief. It explained that further investigation by counsel would have revealed nothing unlawful about Nicholas's allowing Isaacson to operate the rental car. Moreover, the court pointed out, Defendant's ineffective-assistance claims involved only Isaacson's apparent authority to consent to a search, yet this court had held on direct appeal that she had both actual and apparent authority. It therefore ruled that Defendant could not show prejudice from his counsel's performance either in the district court or on appeal.

Defendant seeks a COA to pursue his ineffective-assistance claims in this court. He repeats the argument that Nicholas illegally placed an unauthorized driver in control of the rental car. Moreover, he asserts that under Kansas law a driver who is not authorized under a rental contract to operate a rental car lacks the legally required liability insurance. Therefore, he contends, Nicholas

committed a further illegality by restoring an *uninsured* driver to control of the car. Had counsel exposed these illegalities to the district court, he argues, he would have prevailed on his Fourth Amendment claim. (Defendant limits his arguments in this court to his trial counsel's performance; he makes no reference to his counsel's performance on direct appeal.)

## II.    DISCUSSION

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits," the applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

To establish a claim of ineffective assistance of counsel, Defendant first has the burden of overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland v. Washington*, 466 U.S. 668, 689 (1984), by demonstrating that his counsel's performance fell below "an objective standard of reasonableness," *id.* at 688. Second, Defendant must demonstrate that the "deficiencies in counsel's performance [were] prejudicial to the defense." *Id.* at 692. Because Defendant's ineffective-assistance claim is premised on his counsel's failure to raise a Fourth

Amendment claim, he "must . . . prove that his Fourth Amendment claim is meritorious." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

The district court was unquestionably correct that Defendant has not shown prejudice because he has not shown that his present arguments would have (or should have) prevailed at trial. Although the Fourth Amendment ordinarily prohibits warrantless searches, "[v]oluntary consent by a third party with actual or apparent authority is a well-established exception to the warrant requirement." *United States v. Benoit*, 713 F.3d 1, 8 (10th Cir. 2013). As we explained in our opinion on Defendant's direct appeal, Isaacson had actual authority if she had "either (1) mutual use of the property by virtue of joint access, or (2) control for most purposes." *Hunter*, 663 F.3d at 1144 (internal quotation marks omitted). And even if she lacked actual authority, she had apparent authority "if the facts available to [Nicholas] at the time [he] commenced the search would lead a reasonable officer to believe the third party had authority to consent to the search." *Id.* (internal quotation marks omitted). Defendant points to no authority to support his claim that in Kansas it is unlawful (as opposed to merely a breach of a rental contract) for someone not named on a car rental contract to drive the car (because of lack of liability-insurance coverage or otherwise). And the Kansas Court of Appeals has referred to a driver not listed as an authorized driver on a rental contract as "a licensed driver legally driving the vehicle." *State v. Webber*, No. 90,899, 2005 WL 283585, at *4 (Kan. Ct. App. Feb. 4, 2005).

Further, there was clearly apparent authority.  A reasonable officer could believe that Defendant (who was named on the rental contract) had given Isaacson authority to consent to the search because he voiced no objection and made no effort to interfere with her reaching across him to pass the keys to the officer.

## III.   CONCLUSION

We DENY the application for a COA and DISMISS the appeal.  We GRANT the motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge